Adam R. Rosenthal (*pro hac vice*)
California State Bar No. 246722
Nadia D. Adams (NY Bar No. 4964540)
Julia A. Sherwood (*pro hac vice*)
California State Bar No. 339716
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, California 92130
Tel. (858) 876-3530
arosenthal@sheppard.com
nadams@sheppard.com
jsherwood@sheppard.com

Scott T. Earl (NY Bar No. 4005690)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Tel. (212) 653-8700
searl@sheppard.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEOFFREY HITCHCOCK,<br><br>Plaintiff,<br><br>v.<br><br>RED CAT HOLDINGS, INC. and DOES 1-10,<br><br>Defendants. | Case No. 1:26-cv-7073-MKV<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Red Cat Holdings, Inc. ("Defendant"), through its undersigned counsel Sheppard, Mullin, Richter & Hampton LLP, hereby answers the Complaint, filed on July 21, 2026 (the "Complaint"), by plaintiff Geoffrey Hitchcock ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

Defendant denies each and every allegation set forth in the Preliminary Statement to the Complaint, except it admits that Plaintiff purports to assert the legal claims described therein, and Defendant denies that Plaintiff is entitled to any of the relief he seeks.

**NATURE OF ACTION**

1. Paragraph 1 characterizes Plaintiff's claims and the relief sought, to which no response is required. To the extent a response is required, Defendant admits Plaintiff filed a lawsuit against Red Cat Holdings, Inc. asserting claims for retaliation in violation of the New York State Labor Law Section 740, breach of contract, breach of the implied covenant of good faith and fair dealing, and retaliation in violation of Oregon Revised Statutes Section 659A.199. Defendant denies the remaining allegations contained in Paragraph 1.

**THE PARTIES**

2. In response to Paragraph 2 of the Complaint, Defendant admits Plaintiff is a former member of the U.S. Air Force's Special Forces. Defendant denies the subjective characterization of Plaintiff's purported experience as an executive responsible for sales and financial matters.

3. In response to Paragraph 3 of the Complaint, Defendant admits that Red Cat Holdings, Inc. is a corporation that develops and sells security and defense products, including drones for use in warfare.

4. Defendant contends that Paragraph 4 states a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations.

**JURISDICTION AND VENUE**

5. In response to Paragraph 5 of the Complaint, Defendant contends Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the parties entered into an Employment Agreement on or around October 1, 2024 (the "Employment Agreement") containing a consent to jurisdiction of the state and

federal courts of New York, but did not preclude either party from filing in, or removing to, the Southern District of New York.

**FACTS COMMON TO ALL COUNTS**

6. In response to Paragraph 6 of the Complaint, Defendant admits Plaintiff is a former member of the U.S. Air Force's Special Forces. Defendant denies the subjective characterization of Plaintiff's purported experience as an executive responsible for sales and financial matters.

7. In response to Paragraph 7 of the Complaint, Defendant admits that Red Cat Holdings, Inc. is a publicly traded corporation that develops and sells security and defense products, including drones for use in warfare.

8. In response to Paragraph 8 of the Complaint, Defendant admits that from approximately September of 2021 through March of 2024, Plaintiff served as Defendant's Senior Vice President for Global Defense Solutions; from approximately March through October of 2024, Plaintiff served in a dual role as Senior Vice President for Global Defense Solutions and General Manager of Teal Drones, which is a subsidiary of Red Cat Holdings; and in approximately November of 2024, Defendant promoted Plaintiff to Chief Revenue Officer and member of Defendant's senior executive team.

9. In response to Paragraph 9 of the Complaint, Defendant denies that Plaintiff performed "admirably" during his employment. Defendant admits that as Chief Revenue Officer, Plaintiff reported to Defendant's Chief Executive Officer, Jeff Thompson. Defendant denies the remaining allegations contained in Paragraph 9.

10. In response to Paragraph 10 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, including

as to when Plaintiff allegedly "became aware of information" (if at all) that "strongly suggested" that employees were improperly transporting batteries to "war torn regions."

11. In response to Paragraph 11 of the Complaint, Defendant admits that certain larger-capacity batteries (i.e. batteries with a watt hour ratings greater than 160) used to power military/commercial drones may not be transported on commercial airline flights, pursuant to federal regulations. Defendant denies the remaining allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. In response to Paragraph 13 of the Complaint, Defendant admits that Plaintiff first communicated with Defendant's General Counsel Kirk Nord on or about April 8, 2026 regarding Plaintiff's purported "concerns" related to the transportation of batteries. Defendant denies Plaintiff's allegation that Defendant did not investigate Plaintiff's alleged concerns. Defendant denies the remaining allegations in Paragraph 13.

14. In response to Paragraph 14 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, including as to when Plaintiff allegedly "became aware of" information concerning the "transportation of batteries" and the potential for a sale to take place in Italy that could have involved a cash transaction. Defendant admits that it engaged in a limited cash transaction in or around May of 2025. Defendant determined that the particular transaction was appropriate and in compliance with Company policy and applicable regulations. Defendant denies Plaintiff's implication that the cash transaction was illegal, illicit, or improper. Defendant denies the remaining allegations in Paragraph 14.

15. In response to Paragraph 15 of the Complaint, Defendant admits that Plaintiff communicated with Defendant's General Counsel, Kirk Nord, and Chief Operating Officer,

Chris Ericson on or about May 8, 2026, wherein there was a discussion regarding the transportation of batteries and an "all-cash" transaction. Defendant denies Plaintiff's characterization of Mr. Ericson's response. Defendant denies the remaining allegations in Paragraph 15.

16. In response to Paragraph 16 of the Complaint, Defendant admits that Mr. Ericson communicated with Plaintiff via email on or about May 11, 2026 regarding the transportation of batteries and an "all-cash" transaction. Defendant denies Plaintiff's characterization of Mr. Ericson's response. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that Mr. Ericson and Plaintiff had a conversation wherein Mr. Ericson explained that Red Cat was investigating his purported "concerns" related to the transportation of batteries. During that conversation Plaintiff thanked Mr. Ericson for moving the investigation forward. Defendant denies Plaintiff's characterization of his conversation with Mr. Ericson. Defendant denies the remaining allegations contained in Paragraph 17.

18. In response to Paragraph 18 of the Complaint, Defendant admits that Red Cat announced pricing for a public offering of common stock on or about May 12, 2026, and closed the offering on or about May 14, 2026. Defendant denies the remaining allegations in Paragraph 18.

19. In response to Paragraph 19 of the Complaint, upon information and belief, Defendant admits that Red Cat's Vice President of Marketing had a conversation with Plaintiff on or around May 15, 2026, regarding changes to the sales organization. Defendant denies Plaintiff's characterization of his conversation with the Vice President of Marketing. Defendant denies Plaintiff's implication that Defendant was not investigating Plaintiff's purported concerns. Defendant denies the remaining allegations contained in Paragraph 19.

20. In response to Paragraph 20 of the Complaint, Defendant admits that Plaintiff communicated with Mr. Nord on or about May 16, 2026, wherein Mr. Nord accurately told Plaintiff that he was still in the process of investigating Plaintiff's concerns related to two employees allegedly mislabeling large-capacity batteries for transport on commercial flights.

21. In response to Paragraph 21 of the Complaint, Defendant admits that on May 26, 2026, Mr. Nord informed Plaintiff that the Board of Directors ("Board") had made a "for cause" termination decision and, pursuant to the Employment Agreement, he would have the opportunity to participate in a hearing before the Board, on or before June 16, 2026, to address the Board's serious concerns related to Plaintiff's insubordination and performance.

22. In response to Paragraph 22 of the Complaint, Defendant admits that the For Cause Notice set forth the basis for the Board's decision as of that date, to terminate Plaintiff's employment, and advised Plaintiff that if he disagreed with the Board's preliminary decision, he would have an opportunity to present to the Board at a hearing. Defendant denies the remaining allegations contained in Paragraph 22.

23. Defendant denies the substantive allegations in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. In response to Paragraph 25 of the Complaint, Defendant admits that Defendant notified Plaintiff that he could appear before the Board with his own attorney and admits that it reminded Plaintiff that he was not to trade on any of his equity in Red Cat Holdings, Inc. while he was on a leave of absence pending the outcome of the Board's decision, and as required by, *inter alia*, Plaintiff's obligations as set forth in the "lock-up agreement" Plaintiff previously signed in connection with a capital raise. Defendant denies the remaining allegations in Paragraph 25.

26. In response to Paragraph 26 of the Complaint, Defendant admits that Mr. Nord's investigation into the issues raised by Plaintiff was still ongoing during the time period Plaintiff is referencing in Paragraph 26, and thus, in order to preserve the integrity and confidentiality of the investigation, Plaintiff was not entitled to receive information regarding the status of the investigation. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 regarding whether Mr. Thompson told multiple employees that Plaintiff was "gone" or "would be soon."

27. In response to Paragraph 27 of the Complaint, Defendant admits that Plaintiff appeared before the Board of Directors with his counsel Seth Rafkin on July 9, 2026, via Microsoft Teams, and that Plaintiff and his counsel presented to the Board and responded to questions regarding the Board's serious concerns related to Plaintiff's performance and actions as Chief Revenue Officer. Defendant denies Plaintiff's characterization of the July 9, 2026 hearing. Defendant denies the remaining allegations in Paragraph 27.

28. In response to Paragraph 28 of the Complaint, Defendant admits that following the July 9, 2026 hearing, and the Board's further investigation into Plaintiff's insubordination and wrongdoing, on or about July 17, 2026, the Board made the decision in good faith to terminate Plaintiff's employment for cause. Defendant denies the remaining allegations in Paragraph 28.

**COUNT I**

**RETALIATION IN VIOLATION OF NEW YORK LABOR LAW § 740**

29. In response to Paragraph 29, Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31, including the allegation that Red Cat retaliated against Plaintiff in any manner.

32. Defendant denies the allegations contained in Paragraph 32, including that Plaintiff is entitled to any of the damages described therein.

33. Defendant denies the allegations contained in Paragraph 33, including that Red Cat acted with malice or reckless disregard for Plaintiff's rights or that punitive damages are warranted.

34. Defendant denies the allegations contained in Paragraph 34.

## COUNT II

## BREACH OF CONTRACT

35. In response to Paragraph 35, Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

36. Defendant admits that Plaintiff and Red Cat are parties to the Employment Agreement. Defendant denies the remaining allegations in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37, including the allegation that Red Cat breached the Employment Agreement.

38. Defendant denies the allegations contained in Paragraph 38, including that Plaintiff is entitled to any of the damages described therein.

39. Defendant denies the allegations contained in Paragraph 39.

## COUNT III

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

40. In response to Paragraph 40, Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

41. Defendant admits that Plaintiff and Red Cat are parties to the Employment Agreement. Defendant denies the remaining allegations in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42, including the allegation that Red Cat breached the implied covenant of good faith and fair dealing.

43. Defendant denies the allegations contained in Paragraph 43, including that Plaintiff is entitled to any compensatory damages.

**COUNT IV**

**RETALIATION IN VIOLATION OF OREGON REVISED STATUTES § 659A.199**

44. In response to Paragraph 44, Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

45. Defendant admits that, upon information and belief, Plaintiff is a resident of Oregon and performed certain services for Red Cat from Oregon. Defendant denies the remaining allegations in Paragraph 45.

46. Paragraph 46 recites provisions of Oregon law to which no response is required. To the extent a response is required, Defendant states that the statute speaks for itself.

47. Defendant denies the allegations contained in Paragraph 47, including the allegation that Plaintiff engaged in protected activity under Oregon Revised Statutes § 659A.199.

48. Defendant denies the allegations contained in Paragraph 48, including the allegation that Red Cat took any retaliatory or adverse actions against Plaintiff.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50, including that Plaintiff is entitled to any of the relief described therein.

## PRAYER FOR RELIEF

51. Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief or elsewhere in the Complaint, and respectfully requests that the Complaint be dismissed in its entirety with prejudice, with costs and attorneys' fees awarded to Defendant.

## JURY DEMAND

52. Defendant objects to a trial by jury on Plaintiff's equitable claims and all other issues described in the Complaint as to which Plaintiff is not entitled to a jury as a matter of right or law.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue on which it would not otherwise bear such burden, and reserving the right to amend, modify, or supplement these affirmative defenses as warranted by the facts developed during discovery, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

### FIRST AFFIRMATIVE DEFENSE

53. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

57. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

58. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

59. Plaintiff has failed to exhaust his administrative remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

60. All actions taken or omitted by Defendant with respect to Plaintiff were taken or omitted for legitimate, non-retaliatory business reasons, including documented performance deficiencies identified in the May 26, 2026 For Cause Notice ("For Cause Notice"), and would have occurred regardless of any purported protected activity by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

61. Plaintiff's internal communications do not constitute protected activity within the meaning of New York Labor Law § 740 or Oregon Revised Statutes § 659A.199 because Plaintiff has not established that the reported conduct constitutes an actual violation of any law, rule, or regulation, or that it poses a substantial and specific danger to public health or safety.

**TENTH AFFIRMATIVE DEFENSE**

62. There is no causal connection between any purported protected activity by Plaintiff and the adverse employment actions alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

63. Plaintiff was terminated "for cause" pursuant to the terms of the Employment Agreement he entered into with Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

64. Defendant complied with all procedural requirements set forth in the Employment Agreement for termination "for cause."

**THIRTEENTH AFFIRMATIVE DEFENSE**

65. Plaintiff materially breached the Employment Agreement through the performance failures and conduct identified in the For Cause Notice, thereby excusing Red Cat's further performance under the Employment Agreement.

**FOURTEENTH AFFIRMATIVE DEFENSE**

66. Plaintiff failed to cure the issues identified in the For Cause Notice within the contractual cure period.

**FIFTEENTH AFFIRMATIVE DEFENSE**

67. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing (Count III) is duplicative of his breach of contract claim (Count II) and is not cognizable as a separate cause of action because it arises from the same facts and the same Employment Agreement.

**SIXTEENTH AFFIRMATIVE DEFENSE**

68. Plaintiff is barred from asserting a cause of action pursuant to Oregon Revised Statutes § 659A.199 because Plaintiff already consented to the Employment Agreement's choice-of-law provision selecting New York law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

69. All actions taken or omitted by Defendant with respect to Plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, negligence, or willfulness.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

70. Plaintiff's own conduct caused, in whole or in part, whatever damages he may have suffered.

**NINETEENTH AFFIRMATIVE DEFENSE**

71. Plaintiff failed to take reasonable steps to mitigate his damages, if any, and any recovery to which Plaintiff may be entitled must be reduced by the amount that could have been avoided through the exercise of reasonable diligence.

**TWENTIETH AFFIRMATIVE DEFENSE**

72. Defendant is entitled to offset against any damages awarded to Plaintiff, by any amounts owed by Plaintiff to Defendant or any benefits already received by Plaintiff.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

73. Plaintiff is not entitled to any of the relief sought in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

74. Defendant's alleged acts or omissions, if any, were in good faith and with the reasonable belief that the alleged acts or omissions, if any, were not a violation of any applicable law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

75. Plaintiff has failed to state facts sufficient to constitute claims for punitive damages and/or statutory penalties because Defendant acted, at all times, in good faith, and the conduct alleged in the Complaint does not rise to the level of malice, oppression, fraud, or reckless disregard necessary to support an award of punitive damages under any applicable statute or common law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

76. Plaintiff's claims are barred, in whole or in part, because Defendant did not unlawfully retaliate against Plaintiff in any way.

**RESERVATION OF DEFENSES**

77. Defendant reserves the right to add, amend, and/or supplement this Answer to assert those defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery, as well as to pursue any available counterclaims against Plaintiff, or crossclaims against any third parties, as those claims become known during litigation.

**PRAYER**

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated: August 25, 2026

Respectfully Submitted,

By: */s/ Adam R. Rosenthal*

Adam R. Rosenthal (*pro hac vice*)
California State Bar No. 246722
Nadia D. Adams (NY Bar No. 4964540)
Julia A. Sherwood (*pro hac vice*)
California State Bar No. 339716
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, California 92130
Tel. (858) 876-3530
arosenthal@sheppard.com
nadams@sheppard.com
jsherwood@sheppard.com

Scott T. Earl (NY Bar No. 4005690)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Tel. (212) 653-8700
searl@sheppard.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Adam R. Rosenthal, hereby certify that on August 25, 2026, a true and correct copy of Defendant's Answer to Complaint and Affirmative Defenses was served upon all counsel of record via Federal Express properly addressed as follows:

Seth A. Rafkin
RAFKIN ESQ.
1201 Sussex Turnpike, Suite 102
Randolph, NJ 07869
Tel.: 973-891-3370
Email: srafkin@rafkinesq.com

*Attorney for Plaintiff*

*/s/ Adam R. Rosenthal*
Adam R. Rosenthal